UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA LETT VOORHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0197-CVE-TLW |
| | ) | |
| BOK FINANCIAL CORPORATION and | ) | |
| BOKF, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Reconsideration of Order Granting Defendant BOKF's Motion for Leave to File Counterclaims and to Strike Defendant BOKF, N.A.'s Counterclaims (Dkt. # 70). Plaintiff asks the Court to reconsider its order (Dkt. # 68) granting defendant BOKF, N.A's (BOKF) motion for leave to file counterclaims based on alleged misrepresentations in plaintiff's application to refinance her home mortgage, because BOKF delayed in seeking leave to file its counterclaims and failed to show good cause to assert counterclaims against plaintiff. BOKF responds that plaintiff will suffer no unfair prejudice from allowing BOKF to assert counterclaims and plaintiff's disputes with the facts alleged by BOKF should be raised in a motion for summary judgment, rather than in response to a motion to amend.

I.

Plaintiff Lisa Lett Voorhis filed this case in the United States District Court for the District of New Mexico alleging that defendant BOK Financial Corporation and BOKF engaged in unfair lending practices by inflating the closing costs to refinance her home mortgage and by illegally taking money from her escrow account. In her original complaint, plaintiff alleged claims under the

Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Oklahoma Secure and Fair Enforcement for Mortgage Licensing Act, OKLA. STAT. tit 59, § 209 et seq. Defendants filed a motion (Dkt. # 36) to transfer venue to the Northern District of Oklahoma, and the motion was granted. After the case was transferred, this Court entered a scheduling order setting, inter alia, a discovery cutoff of July 16, 2013 and a May 17, 2013 deadline to file motions to join additional parties or amend the complaint. Dkt. # 48. Plaintiff filed an amended complaint (Dkt. # 49) asserting additional claims under Oklahoma and New Mexico law.

On May 29, 2013, BOKF served its first written discovery requests on plaintiff and it sought information about plaintiff's use of the real property for which plaintiff obtained a home mortgage. Plaintiff stated in her discovery responses that she had not continuously used the property as her residence before or after the refinancing of her home mortgage, but she did not verify her discovery responses. Dkt. # 66-2, at 5. BOKF took plaintiff's deposition on July 10, 2013 and plaintiff confirmed that did use the property as her primary residence when the refinancing transaction was closed in November 2011. Dkt. # 66-3, at 5. On July 11, 2013, BOKF filed a motion for leave to assert counterclaims against plaintiff, because BOKF offered plaintiff a reduced interest rate based on her representations at the time of the refinancing that she would be using the subject real property as her primary residence. Dkt. # 66, at 4. The Court granted BOKF's motion before waiting for plaintiff's response deadline to expire, and BOFK filed counterclaims (Dkt. # 69) for fraud and negligent misrepresentation against plaintiff. BOFK claims that plaintiff signed an affidavit of residency stating that:

> The Property is or will be Borrowers' Primary Residence. This means at least one of the Borrowers who executes the Note and Deed of Trust or Mortgage will take

> title to and occupy the Property.  The Property is now occupied as the Borrowers' principal residence or will be occupied as Borrowers' principal residence no later than sixty (60) days after this date or sixty (60) days after the Property shall first become ready for occupancy as a habitable dwelling, whichever is later and shall continue to occupy the property as Borrowers' Principal residence for at least one year after the date of occupancy.  The Borrowers have no present intention that is contrary to this representation.

Dkt. # 69-2, at 1.  According to plaintiff's discovery responses and deposition testimony, it does not appear that she resided at the subject real property within 60 days of the closing of the refinancing transaction.  Dkt. # 66-2, at 4-5.

**II.**

Plaintiff asks the Court to reconsider its order granting BOKF's motion for leave to file counterclaims, because BOKF unduly delayed when filing its motion and BOKF's motion is based on misstatements of fact.[1]  Dkt. # 70.  BOKF responds that plaintiff's factual challenges to the proposed counterclaims would be more appropriately raised in a motion for summary judgment and plaintiff will suffer no unfair prejudice from defending against BOKF's counterclaims.

Under Fed. R. Civ. P. 13, counterclaims should be filed when the original answer is served against an opposing party.  When a party discovers new evidence giving rise to a counterclaim as discovery proceeds, the party must move to amend its pleadings under Fed. R. Civ. P. 15(a) in order to assert a counterclaim against the opposing party. Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006); Harris v. United States Dep't of Veterans Affairs, 126 F.3d 339, 345 (10th Cir. 1997). Rule 15(a) provides that "leave shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900

---

[1] Plaintiff was not afforded an opportunity to respond to BOKF's motion and the Court declines to apply the standard of review applicable to motions to reconsider.

(10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if it would be subject to dismissal pursuant to Fed. R. Civ. P. 12. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

The Court will initially consider plaintiff's argument that BOKF unduly delayed when filing its motion for leave to file counterclaims. Denial of a motion to amend or to assert counterclaims may be appropriate if the moving party unduly delayed when filing its motion and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. A motion to amend is subject to denial when the "party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [pleading] . . . ." Frank v. U.S. West, Inc., 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990)). Plaintiff argues that BOKF knew of the factual basis for its motion when it originally filed its answer in November 2012, because BOKF asserted an affirmative defense based on plaintiff's alleged noncompliance with the affidavit of residency. Dkt. # 70, at 7. BOKF responds that it raised an affirmative defense in its answer based on its "information and belief" but it did not have a sufficient factual basis to assert a counterclaim, and it confirmed plaintiff's residency status through the discovery process before bringing a counterclaim against plaintiff. Dkt. # 72, at 5. BOKF acknowledges that it filed its motion for leave to file counterclaims after the deadline in the scheduling order for motions to amend, but it states that its motion was filed one day after plaintiff's deposition and it could not have filed its

motion until it obtained evidence providing a good faith basis to assert counterclaims against plaintiff. The Court finds that BOKF has provided a reasonable explanation for any delay in filing its motion for leave to file counterclaims, and BOKF's motion should not be denied due to undue delay.

Plaintiff also argues that BOKF's motion misrepresents the facts concerning plaintiff's affidavit of residency and BOKF fails to provide mitigating facts showing why plaintiff did not reside at the subject real property after the refinancing was completed. Dkt. # 70, at 3-6. In order to defeat a motion to amend on the ground of futility, the party opposing the motion must show that the proposed counterclaim would not survive a motion to dismiss under Rule 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Even though plaintiff disputes BOKF's allegations, the Court has reviewed BOKF's counterclaims and finds that BOKF has stated counterclaims for fraud and negligent misrepresentation against plaintiff. BOKF alleges that plaintiff signed an affidavit of residency in connection with the refinancing of real property and that plaintiff did not reside in the real property within 60 days after the transaction was closed. Plaintiff argues that BOKF fails to consider her justification for failing to reside at the property, but she has not shown that BOKF has failed to state counterclaims against her. In her motion for summary judgment, plaintiff may offer evidence tending to negate any inference that she intentionally or negligently made misrepresentations concerning her intent to reside at the real property, but the Court may not disregard the well-pleaded allegations of BOKF's counterclaims when considering whether the counterclaims would survive a motion to dismiss. The Court has

considered plaintiff's arguments and does not find that it would have reached a different result, and plaintiff's motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of Order Granting Defendant BOKF's Motion for Leave to File Counterclaims and to Strike Defendant BOKF, N.A.'s Counterclaims (Dkt. # 70) is **denied**.

**DATED** this 19th day of August, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE